DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GREGORY ANGELO FERRARO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-672

[October 22, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562011CF002629C.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Gregory Angelo Ferraro ("Defendant") appeals from a final judgment adjudicating him guilty of first degree murder with a firearm and attempted first degree murder with a firearm. Defendant argues the trial court erred in denying his motion for judgment of acquittal on the grounds that the State presented insufficient evidence to support premeditation. A *de novo* standard of review applies when reviewing a motion for judgment of acquittal. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). "A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." *State v. Law*, 559 So. 2d 187, 188 (Fla. 1989). Applying that heightened standard here, we find the State met its burden and we affirm.

On the night of the incident, Defendant and others were gathered at a friend's house for a party. Towards the end of the night, Defendant started arguing with one of the other men at the party. The fight was broken up, and Defendant drove away with a handful of other partygoers. Apparently

still disturbed by the incident, Defendant obtained a gun and returned to the house approximately two to three hours later. Hearing someone outside the house, Casey Jackson and Daniel White walked out onto the porch. Both men leaned out from behind a wall, whereupon Daniel White was shot and killed by Defendant. Defendant also shot at Casey Jackson. Defendant claimed that he did not see anyone but heard a gun cock, and he fired his weapon only in an attempt to scare anyone outside into returning inside the house so that he could run away.

Defendant argues his motion for judgment of acquittal should have been granted because there was insufficient evidence to prove premeditation. We disagree. The State presented sufficient evidence that showed Defendant had formed the requisite premeditation, including evidence that he arranged to pick up some "big artillery" shortly before the shootings and his remarks that he intended on "bring[ing] . . . fire." *Cf. Kirkland v. State*, 684 So. 2d 732, 735 (Fla. 1996) (holding there was not sufficient evidence of premeditation when, in part, the defendant did not make "special arrangements to obtain a murder weapon in advance of the homicide"). Additionally, despite Defendant's testimony that he heard someone walk outside the house and cock a gun, Defendant still elected to shoot straight and not up into the air or towards the ground. This evidence negates Defendant's suggestion that he intended only to scare the victims. There was also some evidence that the front lawn was illuminated, which refuted Defendant's claim that he was unable to see anyone because it was dark outside. Based on these reasons, and other evidence presented at trial, we affirm the final judgment.

*Affirmed.*

MAY and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2